UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE RICHARD SENATOR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>TONY RACKAUCKAS, Warden,<br><br>　　　　　　Respondent. | No. SA CV 15-812-SVW (PLA)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE** |

**I.**

**BACKGROUND**

On May 18, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2015 Petition" or "2015 Pet.").[1] The Petition challenges his June 25, 2007, conviction in the Orange County Superior Court in case number 06CF2978, for two counts of threatening government officials (Cal. Penal Code §§ 71(a)(1), 667.5(b)). (Pet. at 2).

/

---

[1] While petitioner has been found to be a vexatious litigant in case number SA CV 13-655-UA (PLA), that Order applies only to the filing of civil rights complaints and not to the filing of a habeas petition. (Case No. SA CV 13-655-UA (PLA), Dkt. No. 7).

On October 20, 2010, petitioner filed an earlier habeas petition in this Court, in case number SA CV 10-1600-SVW (PLA) ("SA CV 10-1600"), also challenging his 2007 conviction ("2010 Petition"). The 2010 Petition was dismissed on the merits, pursuant to the Judgment entered on December 8, 2014. (Case No. SA CV 10-1600, Dkt. Nos. 95, 96).

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2010 Petition, petitioner raised twenty-three separate grounds for relief. (2015 Pet. Attach. 1; see also Case No. SA CV 10-1600, Dkt. Nos. 1, 74). As mentioned above, the previous action was dismissed with prejudice on the merits. (Case No. SA CV 10-1600, Dkt. Nos. 95, 96). Petitioner's request for a certificate of appealability was denied by this Court on January 14, 2015. (Case No. SA CV 10-1600, Dkt. No. 97). His request for a certificate of appealability from the Ninth Circuit is currently pending in that court. (Case No. SA CV 10-1600, Dkt. Nos. 99, 101). In the current 2015 Petition, petitioner raises only two grounds for relief (2015 Pet. at 5-6), both

of which appear to be similar to Grounds 18 and 22 of the 2010 Petition.  (Compare 2015 Pet. at 5-6 with Pet. Attach. 1 at 2).

Even if petitioner is seeking to present *new* claims in the instant Petition (which he does not appear to be doing), and even if the claims satisfied the AEDPA standards for filing a successive petition (which they do not appear to do), he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  There is no indication that petitioner has obtained such permission from the Ninth Circuit.  It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b).[2]  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

In light of the foregoing, the Court finds that it is appropriate to **dismiss the 2015 Petition without prejudice** as successive.

/
/
/
/
/

---

[2]  This Court may also lack jurisdiction because petitioner was not "in custody" at the time he filed his Petition.  (See 2015 Pet. at 2 (indicating petitioner was "discharged July 2013," almost two years ago)).  Thus, petitioner was not incarcerated at the time he filed the 2015 Petition, nor does he allege that he is currently on probation or parole.  See, e.g., 28 U.S.C. § 2524(a); Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (noting that "[f]or a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody'"); see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (if a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction); Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (probation); United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988) (parole).

## III.

## ORDER

IT IS THEREFORE ORDERED that the 2015 Petition is **dismissed without prejudice** to petitioner filing a new habeas action **if and when he obtains permission from the Ninth Circuit to file a successive petition.**[3]

DATED: June 1, 2015

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[3]  Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.  If petitioner files a new petition, the Court will give that petition a new case number.

4